UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FOREST CONAN KINGCADE and INMATES OF THE DUNKLIN COUNTY JAIL, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  No. 1:18-CV-285-CDP |
| BOB HOLDER, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff Forest Conan Kingcade, formerly an inmate at the Dunklin County Jail, to proceed in the district court without prepaying fees. Based on plaintiff's financial information, the Court finds that he does not have sufficient funds to pay the filing fee. The Court will grant plaintiff's application to proceed in the district court without prepaying fees. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 on behalf of himself and all other inmates at the Dunklin County Jail from 2010 to 2018, alleging the conditions of the jail violated their Eighth Amendment rights to be free of cruel and unusual punishment. Plaintiff states that on June 24, 2018, he was an inmate at the Dunklin County Jail and had to sleep with four other inmates in a 5 foot by 10 foot cell on a mat. "[W]hen another inmate got up to use the toilet and his urine splash[ed] on me, I suffer[ed] mental pain from this." Plaintiff also complains that the cells did not have emergency panic buttons, and that he discovered mold in the showers and on the food trays.

For his injuries, plaintiff states "pain and suffering and mental anguish." He seeks punitive damages of $70 million.

## Discussion

As an initial matter, a pro se plaintiff can bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654 (pro se parties may only bring actions on their own behalf); *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se."). Plaintiff may only proceed on claims that refer to his own constitutional injuries, not on the constitutional injuries of other inmates at the Dunklin County Jail.

As to plaintiff's individual claims, the Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."). Plaintiff has claimed no physical injury arising out of the alleged violations of his constitutional rights. He seeks relief only for his "pain and suffering and mental anguish." The PLRA bars recovery of compensatory damages in this action. *Id.*

To the extent plaintiff might be allowed to seek punitive damages without a showing of physical injury under the PLRA, *see Royal v. Kautzky*, 375 F.3d 720, 724 (8th Cir. 2004), plaintiff's complaint still fails as a matter of law. Plaintiff names as the only defendant Bob Holder, who plaintiff states is the "Sheriff and Owner of the [Dunklin County Jail]." But plaintiff has not alleged defendant Holder was directly involved in or personally responsible for any violations of plaintiff's constitutional rights. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). Nor has plaintiff alleged defendant Holder's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to [plaintiff's] federally protected rights," which is a threshold requirement for awarding punitive damages. *See Royal*, 375 F.3d at 724. Plaintiff's only allegations of constitutional violations are that he was housed in an overcrowded cell on the night of June 24, 2018, urine splashed on him when another inmate used the toilet, there was no panic button in the cell, and he saw mold in the showers and on food trays. Plaintiff does not allege any direct involvement or personal responsibility of defendant Holder, and does not allege defendant Holder acted with any motive that would support a punitive damage award.

For these reasons, the Court will dismiss plaintiff's complaint as frivolous on initial review under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of February, 2019.

                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE